UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAEVON LYONS,

                           Plaintiff,

                                                                         <u>DECISION AND ORDER</u>

                                                                          10-CV-6466L

                           v.

MORALES BROWN,
ELIZABETH LEWIS,
CAPTAIN HUGHES,
OFFICER MCLAUGHLIN,
OFFICER COVELL
OFFICER PABIS,
OFFICER RHODES,
SERGEANT CAVANAUGH,
SUPERINTENDENT MARK L. BRADT,
OFFICER JOHN DOE,
SERGEANT JOHN DOE,

                           Defendants.
_____

       Plaintiff, Daevon Lyons, appearing *pro se*, filed this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that defendants, all of whom at all relevant times were employees of DOCS, have engaged in a conspiracy to torture plaintiff, in order to get him to confess to a crime that he did not commit.

       Defendants have moved, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint for failure to state a claim upon which relief can be granted. Plaintiff has not responded to the motion. In addition, in a letter to the Court dated May 4, 2011, defense counsel states that the motion papers that he sent to plaintiff at his most recent address listed on the docket sheet were returned marked "not deliverable as addressed, unable to forward."

The scheduling order (Dkt. #11) mailed by the Court to plaintiff with respect to defendants' motion was returned as undeliverable. *See* Dkt. Entry dated May 18, 2011. Because there was some indication in the record that plaintiff may have moved to a different address in Bronx, New York, the Court issued another scheduling order that was mailed to that address. *See* Dkt. #12. That, too, was returned as undeliverable. *See* Dkt. Entries dated June 23 and 27, 2011.

Defendants' motion to dismiss is granted. Local Rule 5.2 provides that a "party appearing *pro se* must furnish the Court with a current address at which papers may be served on the litigant," and that "the Court must have a current address at al times. Thus, a *pro se* litigant must inform the Court immediately in writing of any change of address. Failure to do so may result in dismissal of the case with prejudice."

Plaintiff has failed to comply with his obligations under this rule, and apparently has abandoned any attempt to continue to prosecute this action. Furthermore, defendants' motion should be granted in any event, as plaintiff's allegations concern alleged events that all occurred more than three years before the filing of the complaint, and his claims are therefore time barred. *See Harris v. City of New York*, 186 F.3d 243 (2d Cir. 1999).

## CONCLUSION

Defendants' motion to dismiss the complaint (Dkt. #8) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
July 21, 2011.